# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUCKY FOOT PRODUCTIONS, INC., a New York corporation, <br><br> Defendant. | **CASE NO. CV 19-02263 DSF (JCx)** <br><br><br> **ORDER RE CONTEMPT** |

1  On September 14, 2020, an Order To Show Cause re Contempt ("OSC") issued ordering Defendant LUCKY FOOT PRODUCTIONS, INC., a New York corporation ("Lucky Foot") to show cause why it should not be held in contempt for failing to comply with this Court's March 2, 2020 Judgment. Lucky Foot was further ordered to show cause why it should not be ordered to pay an additional $8,459.50 in attorneys' fees and $409.50 in costs associated with Plaintiffs' attempts to enforce compliance with the Judgment and as provided in the underlying agreement between the parties. A hearing was set for October 22, 2020 and Lucky Foot was ordered to file a written response no later than October 13, 2020. On September 29, 2020, the Court continued the hearing on the OSC to November 23, 2020 and ordered Lucky Foot to file a written response no later than November 2, 2020. Lucky Foot was properly served with the OSC on October 13, 2020 but failed to file written opposition.

The OSC came on regularly for hearing on November 23, 2020 at which time Kathryn J. Halford, Wohlner Kaplon Cutler Halford & Rosenfeld appeared on behalf of Plaintiffs, Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan and Board of Directors of the Motion Picture Industry Health Plan ("Plans" or "Plaintiffs"), Lucky Foot failed to appear as ordered. The Court finds there is sufficient good cause to find Defendant Lucky Foot in civil contempt for the failure to comply with the Judgment of March 2, 2020, within 30 days of service or to provide any basis to justify non-compliance.

## **FINDINGS**

1. The Judgment entered March 2, 2020 is a valid and lawful judgment properly entered by this Court. The Judgment is specific and definite, ordering Lucky Foot, within 30 days of entry of the Judgment, to:

    A. Make available to the Plans the following records: crew lists/call sheets; production cost bible and/or cash disbursement journals; and tax

forms, including 1099-MISCs issued during the audit period, and such other records as may be necessary in the opinion of the Plaintiffs' auditor and any other records or information that the Plans require to examine for the period of March 20, 2017 to June 30, 2018;

  B. Afford to the Plans and their authorized representatives both ample time and opportunity to examine Lucky Foot's materials as specified above without harassment and at such time and at such place as shall be mutually convenient to the authorized representatives of the Plans;

 2. In the event Lucky Foot cannot produce all the records which the Plans require to conduct their examination, it is ORDERED to participate in record reconstruction whereby Lucky Foot shall have 30 days to:

  A. Apply to the Federal and State agencies with which Lucky Foot previously filed periodic reports pertaining to employees for copies of such reports filed by them for all the periods for which Lucky Foot cannot produce records to the Plans; and

  B. Subsequently make available to the Plans all such copies of Lucky Foot's periodic reports to the Federal and State agencies under the conditions set forth in 1(B), above.

  C. Produce to Plans all such applicable records received from such Federal and State agencies within fourteen (14) days of receipt.

 3. Lucky Foot had actual notice of the Judgment.

 4. Clear and convincing evidence establishes that Lucky Foot failed to comply with the Judgment.

 5. To avoid a contempt citation, Lucky Foot has the burden of demonstrating it took every reasonable step to comply with the Judgment, or to explain categorically and in detail why it is unable to comply. The Plaintiffs have met their burden of demonstrating by clear and convincing evidence that Lucky Foot violated a specific and definite order of this Court.

6. Lucky Foot was served with the Order to Show Cause re: Contempt on October 13, 2020 but failed to file a written response or opposition as ordered.

7. Lucky Foot has failed to show cause why it should not be held in contempt for failure to comply with the March 2, 2020 Judgment.

8. Lucky Foot has failed to show cause why this Court should not impose a coercive contempt sanction of $300-500 per day upon a finding of contempt until Defendant purges itself of its contempt.

9. Lucky Foot has failed to show cause why it should not be ordered to pay an additional $8,459.50 in attorney's fees and $409.50 in costs associated with Plaintiffs' attempts to enforce compliance with the Judgment and as provided in the underlying agreement between the parties.

District courts have "wide latitude in determining whether there has been a contemptuous defiance of its order." *Gifford v. Heckler,* 741 F. 2d 263, 266 (9th Cir. 1984), *see also Stone v. City and County of San Francisco*, 968 F. 2d 850, 856 (9th Cir. 1992). The moving party has the burden of showing by "clear and convincing evidence" that the non-moving party violated a specific and definite" order of the court." *Stone*, 968 F. 2d at 856 n.9. If the moving party makes such a showing, the burden shifts to each non-moving party to demonstrate that it "took every reasonable step to comply" with the order. Id.

Plaintiffs have presented clear and convincing evidence that Lucky Foot was served and failed to comply with the Judgment. Plaintiffs have also met their burden of demonstrating by clear and convincing evidence that Lucky Foot violated a specific and definite court order. Lucky Foot has the burden to show that it took every reasonable step to comply with the Judgment, or to provide a detailed explanation as to why it could not reasonably comply with the terms of the Judgment. Lucky Foot failed to meet its burden to defeat a request for a finding of civil contempt.

Based on the foregoing, a finding of civil contempt against Lucky Foot is warranted and a daily fine of $ 350 is appropriate.

**IT IS HEREBY ORDERED**:

1. Lucky Foot Productions, Inc., a New York corporation, is found to be in civil contempt for violating the Court's Judgment until such time as it complies with the Court's Judgment.

2. Beginning on the date of service of this Order re Contempt on Lucky Foot Productions, Inc., a fine of $ 350 per day shall be imposed on Lucky Foot Productions, Inc. The purpose of the fine is to coerce Lucky Foot Productions, Inc. to comply with the Judgment. The daily fine shall continue until such time as Lucky Foot Productions, Inc. fully complies with the Judgment or provides sufficient evidence to this Court's satisfaction that it cannot reasonably do so.

3. Lucky Foot Productions, Inc. is further ordered to pay $8,459.50 in additional attorney's fees and $409.50 in costs to Plaintiffs associated with Plaintiffs' attempts to enforce compliance with the Judgment and as provided in the underlying agreement between the parties.

4. Lucky Foot Productions, Inc. and its President, NEKISA COOPER, [Dkt 1-1, Id #12] [Dkt # 12-4, ID #67] are ORDERED TO APPEAR on January12, 2021, at 1:30 P.M. in Courtroom 7D of the United States District Court located at 350 W. 1st Street, Los Angeles, CA 90012 for further proceedings in connection with this matter.  The Court may decide to hold this hearing by telephone or videoconference.  If it does so, Lucky Foot Productions, Inc. and Nekisha Cooper are ordered to appear by telephone or videoconference at that time.  Information concerning how to appear will appear on the Court's publicly posted calendar.

5.  Plaintiffs shall serve this Order re Contempt on Lucky Foot Productions, Inc. and Nekisha Cooper on or before January 5, 2021.

IT IS SO ORDERED.

DATED: November 30, 2020

/s/ Dale S. Fischer
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE